IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SOUTHEAST FINANCIAL CREDIT UNION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:09-CV-00817 Judge Haynes/Judge Bryant |
| CUNA MUTUAL INSURANCE SOCIETY, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

## AGREED PROTECTIVE ORDER

THIS CAUSE came before the Court on the parties' Joint Motion for Entry of Protective Order (the "Motion"). Upon review of the Motion and the relevant portions of the record, it is

ORDERED AND ADJUDGED that the Motion is GRANTED, as follows:

1. CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL means any documents, information or testimony within the categories set forth in Paragraph 2 below, or which is designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL by the agreement of the parties and which is revealed or produced in any formal or informal discovery, hearing or trial proceeding (whether in the form of depositions, transcripts, interrogatory answers, document productions, responses to requests to admit or otherwise) or in any motion, pleading, affidavit, declaration, brief or other documents submitted to the Court, as well as all information contained therein or derived therefrom; provided, however, that any information which is or becomes available from a public source

shall <u>not</u> be considered CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL under this Protective Order.

2. CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL may include information in categories such as contracts, employment information, personnel files, purchase orders, payment histories, inventory lists, financial statements, tax returns, financial analyses, customer lists, accounts receivable and accounts payable information, or other financial documents from either party, and, as applicable, their subsidiaries or affiliates. These categories of CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL are not exclusive, and other categories of information may be designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL by written agreement of the parties or, if the parties cannot reach an agreement, by the Court upon motion by a party. All such documents and information, or copies thereof, may be considered and treated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL under this Protective Order if marked with the legend "Confidential" for CONFIDENTIAL INFORMATION or "Attorneys' Eyes Only" for ATTORNEYS' EYES ONLY MATERIAL. No party or entity shall be held or considered to have waived any rights or privileges by the inadvertent production of a document the party wishes to designate as "Confidential" or "Attorneys' Eyes Only" so long as the receiving party is notified within thirty days of the inadvertent production and a new copy of the document bearing the label "Confidential" or "Attorneys' Eyes Only" is provided to the receiving party. Upon receipt of the new copy of the document bearing the label "Confidential" or "Attorneys' Eyes Only," the receiving party shall destroy the original and all copies of the inadvertently produced document. (Documents produced prior to the signing of this Protective Order may be subsequently marked with the

legend "Confidential" or "Attorneys' Eyes Only" and shall be considered and treated as CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL, respectively, subject to the terms of this Protective Order.)

3. CONFIDENTIAL INFORMATION shall not be disclosed by the party receiving it to any person without the prior written consent of the party producing it or an order of the Court pursuant to paragraph 12 hereof, except as follows:

  (a) Counsel for the parties;

  (b) Counsel's employees to whom it is disclosed for purposes of this litigation;

  (c) companies/individuals engaged by Counsel to provide litigation support services and the employees of such companies/individuals to whom it is disclosed for purposes of this litigation;

  (d) experts retained by the parties to whom it is disclosed for purposes of this litigation;

  (e) the parties to this litigation to whom it is disclosed for purposes of this litigation;

  (f) court reporters to whom it is disclosed for purposes of this litigation; and

  (g) the Court and its officers.

4. ATTORNEYS' EYES ONLY MATERIAL shall not be disclosed by the attorney receiving it to any person without the prior written consent of the party producing it or an order of the Court pursuant to paragraph 12 hereof, except as follows:

  (a) Counsel for the parties;

  (b) Counsel's employees to whom it is disclosed for purposes of this litigation;

  (c) companies/individuals engaged by Counsel to provide litigation support services and the employees of such companies/individuals to whom it is disclosed for purposes of this litigation;

(d) experts retained by the parties (except for employees or individuals in any way affiliated with any non-producing party);

(e) court reporters to whom it is disclosed for purposes of this litigation; and

(f) the Court and its officers.

5. No disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL received from another party shall be made to any person pursuant to subparagraphs 3(c), 3(d), 4(c) and 4(d) until such person has been provided with a copy of this Protective Order and such persons have agreed to be bound thereto by execution of a Confidentiality Agreement in the form attached to this Protective Order as Exhibit 1. Counsel obtaining such agreements shall retain them and make them available to Counsel for any other party upon order of the Court.

6. A person who has agreed to be bound by this Protective Order, as demonstrated by his or her execution of a Confidentiality Agreement, shall not disclose CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL to any party or any person other than those persons described in paragraph 3 and 4 and then only for the preparation of this litigation, and in no event shall such person make any other use of such CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL.

7. Any testimony relating to CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL given in any deposition, trial, or other proceeding herein may be deemed CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL subject to the terms of this Protective Order. A party may also make such designations in writing to the court reporter if the designations are made within ten (10) days after the transcript has been made available to the party making the designations and a notice of such designations is

sent to opposing Counsel. The reporter shall then separately transcribe those portions of the testimony so designated and shall mark the fact of the transcript with the word "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" and seal it in a separate envelope. Whenever any document designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY is identified as an exhibit in connection with testimony given in the proceedings, it shall be so marked and separately sealed.

8. If either party plans to file CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL with the Court, that party shall seek leave from the Court pursuant to all applicable rules to file such CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL under seal.

9. All CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL shall only be used solely and exclusively in connection with this litigation and for no other purpose.

10. Disclosure in this litigation of information protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of those privileges as to non-parties.

11. Whenever CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is to be referred to or disclosed in a deposition, trial or other proceeding herein, any party claiming confidentiality may exclude from the room any person who is not entitled to receive CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL.

12. Whenever a party objects to the designation as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL of a document, testimony, or information, it may apply to the Court for a ruling that the document, testimony, or information

shall not be so designated. Until the Court enters an order changing the designation of the document, testimony, or information, it shall be given confidential treatment in accordance with this Protective Order.

13. No document, testimony, or information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL shall be made a part of the public record, except upon prior agreement of the parties or approval of the Court.

14. If desired, a party who produced documents during the discovery process may request that the party to whom the documents were produced either destroy or return the documents. If such a request is made, then the party to whom the request is made shall destroy or return the documents within sixty (60) days of the close of all legal proceedings, including any and all appeals, in this litigation.

15. After the close of all legal proceedings in this litigation, the restrictions on communications and disclosure provided for in this Protective Order shall continue to be binding upon the parties and all other persons who have agreed to be bound by this Protective Order. The Court retains jurisdiction to make amendments, modifications, and additions to this Protective Order as the Court may from time to time deem appropriate.

DONE AND ORDERED in Chambers in Davidson County, Tennessee on this 17th day of December 2010.

_____
UNITED STATES MAGISTRATE JUDGE